**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

GEORGE SISK,              )
          Petitioner,     )
v.                    )    No: 1:15-cv-01199-TWP-MJD
                        )
SUPERINTENDENT, Indiana State Prison,  )
                        )
          Respondent.    )

**Entry Dismissing Action and Directing Entry of Final Judgment**

George Sisk is a state prisoner who seeks a writ of habeas corpus. The Respondent Superintendent, Indiana State Prison, argues that Sisk is not entitled to that relief because of procedural impediments and because one or more claims is not cognizable in this action. Sisk has replied.

For the reasons explained in this Entry, Sisk's petition for a writ of habeas corpus must be **DENIED** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue. Sisk's current custodian is **substituted** as respondent.

**I. Background**

Sisk was convicted in the Marion Superior Court Case No. 49G20-008-CF-133317, of Dealing in Cocaine as a Class A felony and Resisting Law Enforcement. This conviction was affirmed on appeal in *Sisk v. State,* 785 N.E.2d 271 (Ind.Ct.App. 2003). The sentence for this conviction included a term of probation, which was revoked on September 15, 2010. On September 29, 2010, the trial court ordered Sisk to serve three (3) years of the portion of the original sentence which had been suspended. Also on September 29, 2010, Sisk was sentenced to a consecutive 10-year term based on his conviction in Case No. 49G20-1004-FC-026999 of Dealing in a Narcotic

as a Class B felony. The last day Sisk could have filed an appeal from the sentencings held on September 29, 2010 was October 29, 2010. No appeal was filed.

Sisk's post-conviction challenges in the Indiana state courts consisted of the following:

Sisk filed a post-conviction relief action on January 26, 2012 with respect to his conviction in Case No. 49G20-1004-FC-026999. This petition was withdrawn on February 15, 2012, was re-filed on June 26, 2012 and was denied on February 23, 2015.

Sisk filed a post-conviction relief action on February 29, 2012 with respect to his conviction in Case No. 49G20-008-CF-133317. This action was apparently also denied on February 23, 2015.

Sisk filed a notice of appeal from the denial of his post-conviction relief petitions on May 29, 2015. This appeal was docketed in the Indiana Court of Appeals as Case No. 49A02-1505-PC-583 and was dismissed on July 8, 2015 because, as found by the Indiana Court of Appeals, the appeal had not been timely filed.

On June 9, 2015, Sisk filed a petition for leave to file a successive petition for post-conviction relief. This petition was denied on July 10, 2015 in Case No. 49A05-1506-SP-371.

The habeas petition in this action was signed by Sisk on July 23, 2015 and was filed with the clerk July 30, 2015. He challenges his conviction in Case No. 49G20-1004-FC-026999 and the revocation of his probation in Case No. 49G20-008-CF-133317. A plea agreement had resolved both the violation of probation charge and the new drug offense charge.

Sisk's amended petition for writ of habeas corpus was filed on August 21, 2015. Sisk asserts the following claims: (1) ineffective assistance of counsel in violation of the Sixth Amendment; (2) violation of the Fourteenth Amendment; (3) violation of the Fourth Amendment; and (4) violation of Article 1, Section 11 and Article 1, Section 13 of the Indiana Constitution. He also seeks damages for what he asserts to be his unlawful confinement, but damages are not available in an action for habeas corpus relief. *See Nelson v. Campbell,* 541 U.S. 637, 646 (2004) (noting that "damages are not an available habeas remedy"), and *Wilkinson v. Dotson,* 544 U.S. 74, 78–82 (2005) (summarizing the distinctions between 42 U.S.C. § 1983 and habeas actions).

Sisk's custodian has appeared by counsel and argues that Sisk's habeas petition is time-barred and that Sisk committed procedural default in the state courts. Sisk has replied to these arguments.

## II. Discussion

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). That inquiry in this case is dispositive.

### A. Statute of Limitations

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such provision "establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)). The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz*, 208 F.3d 357, 361 (2d Cir. 2000).

The one year period runs from the latest of four specified dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D)).

Sisk's convictions became final for federal habeas corpus purposes on October 29, 2010, the last day on which he could have filed a direct appeal from the convictions which are challenged here. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler,* 132 S. Ct. 641, 653–54 (2012)("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."); *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987)(a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

The parties are in agreement that if the one-year period of limitations prescribed by § 2244(d)(1)(A) governs the amended petition for writ of habeas corpus would be barred by the statute of limitations. Sisk does not accept that as controlling. Instead, he argues that § 2244(d)(1)(D) supplies the appropriate starting point for the statute of limitations. This statute "postpones the running of the one-year limitation for the filing of a petition for habeas corpus to 'the [earliest] date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999)(quoting § 2244(d)(1)(D)).

What, then, is the "factual predicate" of his claim? Sisk says that the factual predicate of his habeas claim is an observation made by the judge at the hearing in the post-conviction relief petitions on September 20, 2013. That observation, according to Sisk, is the judge's comment that he saw ambiguous language in the plea agreement. Sisk describes this comment as having been made during the testimony of Sisk's public defender, Chris Eskew. He states that it was at the hearing on September 20, 2013 that he discovered the factual predicate for his habeas claim.

Sisk's reasoning on this point met its demise in *Escamilla v. Jungwirth,* 426 F.3d 868 (7th Cir. 2005). *Escamilla* explains that discovering factual support for a claim does not re-start the statute of limitations. Sisk was certainly aware of the contents of his plea agreement at the time it was presented to the trial court. He was aware of the contents of his plea agreement at all time following it being presented to the trial court. The "discovery" of an opinion that there could be an ambiguity in the plea agreement is not different than the "discovery" of a basis for an ineffective assistance of counsel claim in *Escamilla,* as to which the Court of Appeals explained:

> No new "factual predicate" supporting a "claim" that counsel rendered ineffective assistance is possible even in theory, because the adequacy of counsel's performance must be assessed in light of what was actually known (or reasonably knowable) at the time counsel acted, rather than what comes to light years later *Id.* at 871 (citing *Strickland v. Washington,* 466 U.S. 668, 690(1984)).

So it is here. Sisk knew everything about his plea agreement that there was to know long before both the commencement and the expiration of the 1-year period of limitations specified in 28 U.S.C. § 2244(d)(1)(A). No reason is apparent why, prior to the expiration of that 1-year period on October 29, 2011, Sisk could not have ascertained the possible "ambiguity" in the plea agreement. In short, Sisk's position in this case would impermissibly convert that factual or evidentiary basis for a habeas claim into the claim itself. This would, in turn, send application of § 2244(d)(1)(D) spiraling beyond the bounds of all reason. Congress did not write the statute in that fashion, and this court only has the authority to apply the statute in the manner it was written. *See Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000) (under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as [petitioner's] case illustrates.").

The proper statute of limitations in this case is the default provision in 28 U.S.C. § 2244(d)(1)(A)). *Johnson v. Robert,* 431 F.3d 992, 992 (7th Cir. 2005). Applying that provision, Sisk had through October 29, 2011 in which to file a timely federal habeas petition. He did not meet this deadline, and in fact did not even file the post-conviction relief actions before the expiration of the deadline. His habeas petition was not timely filed. *See Gladney v. Pollard*, 799 F.3d 889, 893 (7th Cir. 2015)(noting the petitioner's habeas petition was untimely when his first state post-conviction petition was filed after the one-year limitations period had expired). Sisk argues that the judge's comment on September 20, 2010 justifies equitable tolling of the statute of limitations, but there is no basis for such an argument because federal courts will only allow equitable tolling if extraordinary circumstances beyond the petitioner's control prevented the timely filing of his habeas petition. *See Holland v. Florida,* 130 S. Ct. 2549, 2560 (2010); *see also McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance prevented timely filing. *See Gladney,* 799 F.3d at 894-95. Sisk does not credibly establish either of these elements, much less each of them.

### B. Procedural Default

A habeas corpus petition must survive procedural default before a federal court may address the merits of the petition. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). "[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)). "[T]he burden is on the petitioner to raise his federal claim in the state court at a time

when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005).

Sisk committed procedural default in the Indiana state courts. He did so at least by failing to file and complete a timely appeal from the denial of his petitions for post-conviction relief. *See Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996) ("Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court.").

"A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015) (internal citations omitted). Sisk does not meet this burden because he did not file an appeal from the sentences imposed on September 29, 2010 and was not diligent in pursuing a timely appeal from the denial of post-conviction relief. Moreover, he does not demonstrate that he is actually innocent of the probation revocation behavior in Case No. 49G20-008-CF-133317 or of the Dealing in a Narcotic as a Class B felony offense charged in Case No. 49G20-1004-FC-026999. Accordingly, Sisk's unexcused procedural default bars consideration of the merits of his federal habeas claims.

## C. One Claim Not Cognizable

Brief mention is warranted of Sisk's fourth habeas claim, this being that his convictions violate provisions of the Indiana Constitution. Such a claim is not cognizable here because a viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)("To say that a petitioner's claim is not cognizable on

habeas review is thus another way of saying that his claim 'presents no federal issue at all.'") (quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Sisk has encountered the hurdles produced by the 1-year statute of limitations and the doctrine of procedural default. "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). As to the doctrine of procedural default, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation[.]" *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). He has not shown the existence of circumstances permitting him to overcome these hurdles and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied without a decision being made as to the merits of his claims.

Judgment consistent with this Entry shall now issue.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Sisk has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 3/22/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GEORGE SISK
944137
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360

Electronically Registered Counsel